UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

FILED
MAR 2 4 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re ) | Chapter 11 | |
| ) | | |
| GARDEN RIDGE CORPORATION, et al., ) | Case No. 04-10324 (DDS) | |
| ) | (Jointly Administered) | |
| Debtors. ) | | |
| ) | | |
| STARLIGHT SUGARLAND TEXAS, LP, ) | | |
| Appellant, ) | Civil Action No.: 05-181 | |
| v. ) | | |
| GARDEN RIDGE CORPORATION, et al., ) | | |
| Appellees. ) | | |

**MOTION OF STARLIGHT SUGARLAND TEXAS, LP PURSUANT TO
FED.R.BANKR.P. 8011 AND 9006, AND DEL.BANKR. LR 9006-2, FOR
PROCEDURAL ORDER STAYING APPEAL TO PERMIT SETTLEMENT
VIA PLAN CONFIRMATION**

Starlight Sugarland Texas, LP (the "Appellant" or "Starlight"), Appellant in the above-captioned matter, hereby moves the Court for entry of an order staying this appeal in its entirety, including all applicable deadlines and other requirements, pending consummation of a settlement reached by and between Starlight and the above-captioned debtors and debtors-in-possession Debtors (the "Debtors" or "Appellees"). Starlight and the Debtors have reached a comprehensive settlement regarding, among other things, the Debtors' assumption of the Starlight Lease (as defined herein), as amended, and related matters including attendant cure obligations. However, that settlement is contingent upon and tied-to confirmation of the Debtors' proposed Chapter 11 Plan of Reorganization (the "Plan"). Though it is anticipated that the Plan will be confirmed in the near future – and the settlement effected in connection

therewith – Starlight, out of an abundance of caution, commenced the underlying appeal to protect its rights in the unlikely event the Plan is not confirmed. By this motion, then, Starlight, with the consent of the Debtors,[1] respectfully requests that the Court stay this appeal, and all related deadlines and requirements related thereto. Upon Plan confirmation, and after the effective date of such Plan, Starlight will withdrawal the underlying appeal as the parties' settlement will have then been given effect.

## BACKGROUND

1. On February 2, 2004, each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States (the "Bankruptcy Code").

2. On August 8, 2000, Starlight, as successor in interest to Butler Real Estate, Inc., and debtor Garden Ridge, L.P., entered into a lease for certain nonresidential real property located at and commonly known as First Colony Boulevard Commercial Park, 16960 Southwest Freeway, Sugar Land, Fort Bend County, Texas (the "Starlight Lease").

3. On April 2, 2004, Appellant filed the Motion of Starlight Sugarland Texas L.P. to Compel Garden Ridge, L.P. to Pay Administrative Claims Under 11 U.S.C. §§ 365(d)(3) and/or 503(b)(1) (the "Motion to Compel") for unpaid February 2004 rent and certain Starlight Lease related tax obligations.

4. On or about February 18, 2005, Starlight and the Debtors agreed to the Second Amendment to the Starlight Lease (the "Second Amended Lease"). Therein, Starlight and the Debtors, among other things, agreed that the Debtors would assume the Starlight Lease, as amended by agreement of the parties, pursuant to 11 U.S.C. § 365(a). In connection therewith, the parties set a cure amount to be paid to Starlight in connection with the Debtors' assumption

---

[1] The Official Committee of Unsecured Creditors (the "Committee") has represented to Starlight that it does not object to the relief requested herein.

2

of the Starlight Lease, as well as a schedule by which such cure payments would be made by the Debtors to Starlight. Critically, however, the Second Amended Lease (and the Debtors' assumption thereof) will only be given effect through, and is expressly contingent upon, confirmation of the Debtors' Plan.

5. On February 19, 2005, the Debtors filed their Disclosure Statement with Respect to the Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement") (D.I. 1337). A hearing on the adequacy of the Disclosure Statement is set for March 29, 2005 at 11:30 a.m.

6. On March 2, 2005, the Bankruptcy Court entered its Memorandum Opinion with Respect to Motions to Compel Payment of Administrative Expense Claims (the "Memorandum Opinion") and Order regarding same (D.I. 1377 and 1378, respectively). By the Memorandum Opinion and Order, the Bankruptcy Court granted in part and denied in part Starlight's Motion to Compel.

7. On March 14, 2005, Starlight filed its Notice of Appeal regarding the Memorandum Opinion and Order.

8. Prior to the filing of this motion, counsel for all interested parties, including Starlight, the Debtors and the Committee, have conferred respecting the settlement, the Plan, the appeal and the relief sought by this motion. Based on those discussions, Starlight submits this motion with the acknowledgement and consent of the Debtors, and the Committee has represented to Starlight that it does not object to the relief requested herein.

## APPLICABLE AUTHORITY AND ARGUMENT

9. Rule 8011 of the Federal Rules of Bankruptcy Procedure provides that parties to an appeal may request relief by filing a motion with the clerk of the district court hearing the

appeal with proof of service on all other parties to the appeal. *See* Fed.R.Bankr.P. 8011. Rule 8011(b) further provides that the Court may act on motions seeking procedural relief "at any time, without awaiting a response thereto and without hearing." Fed.R.Bankr.P. 8011(b).

10.     Additionally, Rule 9006 (b)of the Federal Rules of Bankruptcy Procedure provides, "…when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed…" Fed.R.Bankr.P.9006(b)

11.     Pursuant to the foregoing, and in light of the pending (but not yet consummated settlement), Starlight respectfully requests that this Court stay this appeal in its entirety, including all applicable deadlines and other requirements. Doing so will serve and further the interests of not only the Court, but all interested parties. The staying of this appeal will allow the parties to focus their attention and resources on confirmation of the Debtors' Plan, rather than expending time and money on an appeal that will, in all likelihood, be rendered moot. Moreover, the staying of the appeal will preserve entirely the rights of Starlight and all interested parties in the event the Plan is not confirmed and the settlement not approved. Thus, there is no prejudice to any party in interest. Lastly, interests of judicial economy are served as neither the Court nor any Court staff will be required to expend limited time and resources on this appeal. Accordingly, for the foregoing reasons, Starlight respectfully submits that good cause exists for the Court to stay this appeal in its entirety, including all relevant deadlines and other requirements.

12. Upon confirmation of the Plan <u>and</u> the occurrence of the effective date of such Plan, Starlight, upon notice to the Court and all interested parties, will withdraw this appeal in accordance with applicable rules and procedures. Pending the occurrence of same, Starlight seeks to maintain the *status quo* and thereby fully preserve its appellate rights.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Starlight respectfully requests the Court enter the attached Order at its earliest convenience staying this appeal in its entirety.

ASHBY & GEDDES

*/s/ William P. Bowden*

William P. Bowden (#2553)
Ricardo Palacio (#3765)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(Tel.): 302-654-1888
(Fax): 302-654-2067

Attorneys for Starlight Sugarland Texas LP

Dated: March 24, 2005
154535.1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| GARDEN RIDGE CORPORATION, et al., | ) | Case No. 04-10324 (DDS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| STARLIGHT SUGARLAND TEXAS, LP, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | |
| GARDEN RIDGE CORPORATION, et al., | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER STAYING APPEAL

Having considered the Motion of Starlight Sugarland Texas, LP (the "Appellant") Pursuant to Fed.R.Bankr.P. 8011 and 9006, and Del.Bankr. LR 9006-2, for Procedural Order Staying Appeal to Permit Settlement Via Plan Confirmation; and having found sufficient and good cause therefor; it is hereby:

ORDERED that this appeal is stayed in its entirety, including all applicable deadlines and other requirements, pending further order of the Court.

March _____, 2005                             _____
154535.1                                       United States District Judge

## CERTIFICATE OF SERVICE

I, Ricardo Palacio, Esquire hereby certify that on March 24, 2005, I caused one copy of the foregoing MOTION PURSUANT TO FED.R.BANKR.P. 8011 AND 9006, AND DEL.BANKR. LR 9006-2, FOR PROCEDURAL ORDER STAYING APPEAL TO PERMIT SETTLEMENT VIA PLAN CONFIRMATION be served upon the parties below in the manner indicated

| | |
|---|---|
| **HAND DELIVERY**<br>Pauline K. Morgan, Esq.<br>Joseph M. Barry, Esq.<br>Matthew B. McGuire, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | **HAND DELIVERY**<br>Adam G. Landis, Esq.<br>Rebecca L. Butcher, Esq.<br>Landis Rath & Cobb LLP<br>919 Market Street, Suite 600<br>Wilmington, DE 19801 |
| **FIRST CLASS U.S. MAIL**<br>Alan W. Kornberg, Esq.<br>Curtis J. Weidler, Esq.<br>Lori E. Chasen, Esq.<br>Paul Weiss Rifkind Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | **FIRST CLASS U.S. MAIL**<br>G. Rhea Bucy, Esq.<br>Linda W. Knight, Esq.<br>Gullett, Sanford, Robinson & Martin, PLLC<br>315 Deadrick Street, Suite 1100<br>P.O. Box 198888<br>Nashville, TN 37219-8888 |
| **HAND DELIVERY**<br>David B. Stratton, Esq.<br>James C. Carignan, Esq.<br>Pepper Hamilton LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, DE 19899-1709 | **FIRST CLASS U.S. MAIL**<br>Scott L. Hazan, Esq.<br>Otterbourg Steindler Houston & Rosen, P.C.<br>230 Park Avenue<br>New York, NY 10169-0075<br>(212) 661-9100 |
| **HAND DELIVERY**<br>David Klauder, Esq.<br>United States Trustee<br>844 King Street<br>Room 2313, Lock Box 35<br>Wilmington, DE 19801 | |

_/s/ Ricardo Palacio_
Ricardo Palacio