**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| GARDEN RIDGE CORPORATION, et al., | ) | Case No. 04-10324 (DDS) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| | ) | 0 5 - 1 8 1 |

FILED
MAR 2 4 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### NOTICE OF APPEAL

Starlight Sugarland Texas, LP ("Starlight"), a creditor in this bankruptcy case, by and through its undersigned counsel, hereby appeals under 28 U.S.C. § 158(a) to the United States District Court for the District of Delaware from the Memorandum Opinion with Respect to Motions to Compel Payment of Administrative Expense Claims entered by the Bankruptcy Court for the United States District Court for the District of Delaware dated March 2, 2005 (the "Memorandum Opinion")(D.I. 1377), and the Order With Respect to Motions to Compel Payment of Administrative Expense Claims (the "Order") (D.I. 1378) entered thereon. Copies of the Memorandum Opinion and Order are attached hereto as Exhibit A and Exhibit B, respectively.

The names of all parties to the Memorandum Opinion and Order appealed from, and other interested parties, and the names, addresses, and telephone numbers of their respective attorneys, are as follows:

**-Rest of Page Left Intentionally Blank-**



DKT. NO. 1417
3-14-05

| | |
|---|---|
| Pauline K. Morgan, Esq.<br>Joseph M. Barry, Esq.<br>Matthew B. McGuire, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6600<br><br>-and-<br><br>Alan W. Kornberg, Esq.<br>Curtis J. Weidler, Esq.<br>Lori E. Chasen, Esq.<br>Paul Weiss Rifkind Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>(212) 373-3000<br><br>Attorneys for Debtors and Debtors in Possession | Adam G. Landis, Esq.<br>Rebecca L. Butcher, Esq.<br>Landis Rath & Cobb LLP<br>919 Market Street, Suite 600<br>Wilmington, DE 19801<br>(302) 467-4410<br><br>-and-<br><br>G. Rhea Bucy, Esq.<br>Linda W. Knight, Esq.<br>Gullett, Sanford, Robinson & Martin, PLLC<br>315 Deadrick Street, Suite 1100<br>P.O. Box 198888<br>Nashville, TN 37219-8888<br>(615) 244-4994<br><br>Attorneys for Nashridge, LLC |
| David B. Stratton, Esq.<br>James C. Carignan, Esq.<br>Pepper Hamilton LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, DE 19899-1709<br>(302) 777-6500<br><br>-and-<br><br>Scott L. Hazan, Esq.<br>Otterbourg Steindler Houston & Rosen, P.C.<br>230 Park Avenue<br>New York, NY 10169-0075<br>(212) 661-9100<br><br>Attorneys for Official Committee of Unsecured Creditors | William P. Bowden, Esq.<br>Ricardo Palacio, Esq.<br>Charles H. Gray, Esq.<br>Ashby & Geddes<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>(302) 654-1888<br><br>Attorneys for Starlight Sugarland Texas LP<br><br>David Klauder, Esq.<br>Office of the United States Trustee<br>844 King Street, Room 2313<br>Wilmington, DE 19801<br>(302) 573-6491<br><br>U.S. Trustee |

ASHBY & GEDDES

_/s/ William P. Bowden_
William P. Bowden (#2553)
Ricardo Palacio (#3765)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(Tel.): 302-654-1888
(Fax): 302-654-2067

Attorneys for Starlight Sugarland Texas LP

Dated: March 14, 2005
154483.1

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| GARDEN RIDGE CORPORATION, *et al.*, ) | Case No. 04-10324 (DDS) |
| ) | Jointly Administered |
| Debtors. ) | |

## MEMORANDUM OPINION WITH RESPECT TO MOTIONS
## TO COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

Pauline K. Morgan
Joseph M. Barry
Matthew B. McGuire
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE 19801

- and -

Alan W. Kornberg
Curtis J. Weidler
Lori E. Chasen
Paul, Weiss, Rifkind, Wharton &
 Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Attorneys for Debtors and Debtors-in-
 Possession

Adam G. Landis
Rebecca L. Butcher
Landis Rath & Cobb LLP
919 Market Street, Suite 600
Wilmington, DE 19801

- and -

G. Rhea Bucy
Linda W. Knight
Gullett, Sanford, Robinson & Martin,
 PLLC
315 Deaderick Street, Suite 1100
P.O. Box 198888
Nashville, TN 37219-8888

Attorneys for Nashridge, LLC


William P. Bowden
Christopher S. Sontchi
Ricardo Palacio
Charles H. Gray
Ashby & Geddes
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899

Attorneys for Starlight Sugarland Texas LP

Dated: March 2, 2005

Before me are the motions of two landlords, Starlight Sugarland Texas LP and Nashridge, LLC to compel Garden Ridge L.P. to pay administrative expense claims [Docket Nos. 363 and 371]; and Garden Ridge L.P.'s objection thereto [Docket No. 411]. This Memorandum Opinion constitutes my findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FACTS

On February 2, 2004,[1] (the "Petition Date"), Garden Ridge L.P. ("Garden Ridge" or the "Debtors") and its affiliates (other than Garden Holdings, Inc.) filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2]

On December 15, 1997, Garden Ridge, as tenant, entered into a 20 year non-residential real property lease with Butler Real Estate, Inc., as landlord (the "Nashridge Lease"), for property located in a development referred to as "The Crossings at Hickory Hollow" at 5720 Crossings Blvd., Nashville, Davidson County, Tennessee (the "Nashridge Premises"). Nashridge LLC is the successor-in-interest to Butler Real Estate, Inc. By the terms of the Nashridge Lease, monthly rent is payable on the first day of each month in advance, and the tenant is obligated to pay, *inter alia, ad valorem* property taxes. On April 5, 2004, Nashridge filed a motion seeking to compel Garden Ridge to pay administrative expense claims for February 2004 rent totaling $73,663.67[3] and 2003 real property taxes totaling $123,145.20.

---

[1] As indicated on Garden Ridge's docket, the paper petition was filed at 1:36 A.M. on February 2, 2004, the electronic Notice of Filing was sent at 6:09 A.M. on February 2, 2004.

[2] Unless otherwise indicated, all citations to statutory sections are to title 11 of the Bankruptcy Code (the "Code"), 11 U.S.C. § 101 *et seq.*

[3] Counsel for Nashridge indicated at the omnibus hearing held on April 19, 2004 that the amount stated in its motion was incorrect and that the correct amount is $81,030.03.

On August 8, 2000, Garden Ridge, as tenant, entered into a 20.5 year non-residential real property lease with Butler Real Estate, Inc., as landlord (the "Starlight Lease"), for property commonly known as First Colony Boulevard Commercial Park, 16960 Southwest Freeway, Sugar Land, Fort Bend County, Texas (the "Starlight Premises"). Starlight Sugarland Texas LP ("Starlight") is the successor-in-interest to Butler Real Estate, Inc. By the terms of the lease, the tenant shall pay to the landlord monthly rent on the first day of each month in advance, and the tenant is responsible for certain additional rents, including taxes and other liens. On April 2, 2004, Starlight filed a motion to compel Garden Ridge to pay administrative expense claims for February 2004 rent totaling $93,411.84[4] and 2003 real property taxes totaling $173,886.74.[5]

A.  The Starlight Lease:

Starlight and Garden Ridge have stipulated to all relevant material facts. The parties have stipulated that February 2004 rent for the Starlight Premises was $89,919.08. With respect to the payment of rent, the Starlight Lease provides: "Base Rent: Tenant shall pay to Landlord as Base Rent on the Premises, on the first day of each month in advance, during the Term of this lease any extensions hereof . . . ." (Starlight Lease at Art. VI § 4.01). As to the payment of real property taxes, the Starlight Lease provides:

> Impositions. Tenant shall pay before any fine, penalty, interest, or cost may be added thereto for the nonpayment thereof, all real estates taxes, assessment, ad valorem taxes, payments in lieu of tax . . . which may be charged, assessed, levied, imposed upon or become due and payable, during the Term of this lease . . . .

---

[4] This amount reflects a Base Rent and Additional Rent totaling $89,819.08 with late charges totaling $3,592.76.

[5] This amount reflects taxes for the Starlight Premises totaling $162,510.97 and penalties for failure to pay the taxes totaling $11,375.77.

(Starlight Lease at Art. XX § 20.1). In addition, the parties have also stipulated that there are five due and payable tax bills for the Starlight Premises totaling $126,428.00.[6] (Garden Ridge Objection, Exhibit A).

B.  The Nashridge Lease:

Similarly, Nashridge and Garden Ridge have stipulated to all relevant material facts. The parties have stipulated that February 2004 rent for the Nashridge Premises was $81,030.03. With respect to the payment of rent, the Nashridge Lease provides: "Base Rent: Tenant shall pay to Landlord as Base Rent on the Premises, on the first day of each month in advance, during the Term of this Lease and any extensions hereof . . . ." (Nashridge Lease Art. IV § 4.01). As to the payment of taxes, the Nashridge Lease provides:

> Impositions. Tenant shall pay before any fine, penalty, interest, or cost may be added thereto for the nonpayment thereof, all real estates taxes, assessment, ad valorem taxes, payments in lieu of tax . . . which may be charged, assessed, levied, imposed upon or become due and payable, during the Term of this lease . . . .

(Nashridge Lease at Art. XX § 20.01). The Nashridge Lease further provides: "Proof of Payment. Tenant agrees to submit to Landlord official receipts evidencing payment of Impositions . . . are required to be made at least ten (10) days before said impositions or other charges would otherwise become delinquent." (Nashridge Lease at Art. XX § 20.04). The parties have also stipulated that the real property taxes due on the Nashridge Premises total $123,145.20, with payment by Garden Ridge required before February 29, 2004 in order to avoid penalties and interest.[7] (Garden Ridge Objection, Exhibit B).

---

[6] Starlight reserves its rights regarding three additional tax bills, representing the total amount requested in its motion.

[7] Nashridge received the 2003 tax bill on October 6, 2003.

At the conclusion of the April 19, 2004 hearing, the court gave an interim ruling from the bench.[8] The court ordered that the Debtors shall pay the contract rent in full because regardless of section 362(d)(3), some, if not all, of the February 2004 rent will be due under section 503(b).[9] The court, however, reserved the parties' rights regarding of the amount of payment and any adjustment based on the outcome of the pending motions.

## DISCUSSION

The two issues before me are: (1) whether non-residential real property rent due on the first day of the month is a pre-petition obligation when the due date falls on a Sunday and the petition date falls on the following Monday; and (2) whether non-residential real property tax obligations are pre-petition obligations when the lease (a) requires payment of taxes before the taxing authority imposes penalties, and (b) requires evidence of payment prior the delinquency date.

A.  <u>February 2004 Rent Under Section 365(d)(3)</u>

Section 365(d)(3) provides, in relevant part:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(d)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3). This provision was enacted to require trustees to perform the debtor's obligations under the terms of a lease pending the assumption or rejection of the lease. *Centerpoint Props. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 211 (3d Cir. 2001). One must "look to the terms of the lease to determine

---

[8] Corresponding Interim Orders were entered with respect to Nashridge on May 5, 2004 [Docket No. 518] and Starlight on May 12, 2004 [Docket No. 540].

[9] Section 503(b) allows payment of administrative expenses after a showing that such expense is an actual and necessary cost of preserving the estate.

both the nature of the 'obligation' and when it 'arises.'" *Id.* at 209. The Code does not specifically define "obligation," however, the Third Circuit held that "the most straightforward understanding of an obligation is something that one is legally required to perform under the terms of the lease and that such an obligation arises when one becomes legally obligated to perform." *Montgomery Ward*, 268 F.3d at 209.[10]

Under both the Starlight and Nashridge Leases: "Tenant shall pay to Landlord as Base Rent on the Premises, on the first day of each month in advance, during the Term of this Lease and any extensions hereof . . . ." (Starlight and Nashridge Leases at ¶ 4.01). This court must therefore determine when Garden Ridge's legal obligation to pay February 2004 rent arose under each lease.[11]

> According to the general rule, if the date on which rent is payable falls on Sunday, the tenant is not in arrears if he or she fails to pay on or before that date, but the time for payment is extended to the following Monday, and a forfeiture cannot be declared if payment is made on that day. . . .
>
> The general rule, as above stated, does not preclude rent from falling due on a Sunday, but only extends the time in which payment may be made.

49 Am Jur 2d, Landlord and Tenant § 719 (footnotes omitted). The policy behind this rule is simple: historically the United States Post Office, businesses and banks were generally closed on Saturdays, Sundays, and/or holidays, and thus a tenant was allowed to pay rent on the next business day without being in default.[12] The obligation to pay rent, however, remains on the first day of the month.

---

[10] The Third Circuit noted that it is not alone in holding that an obligation aries under section 365 (d)(3) at the same time as the legally enforceable duty to perform. *Montgomery Ward*, 268 B.R. at 211 (citing *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986 (6th Cir. 2000); *In re R.H. Macy & Co., Inc.*, 152 B.R. 869, 873 (Bankr. S.D. N.Y. 1993); *In re Duckwall-ALCO Stores*, 150 B.R. 965, 976 n.23 (D. Kan. 1993)).

[11] The court notes that there is little, if any, case law on this issue.

[12] The parties did not argue that this general policy is no longer applicable due to a trend, in some areas of the country, towards businesses being open twenty-four hours a day, seven days a week; therefore, alteration of this general policy is not presently before the court.

Applicable state laws support this general rule. Under Texas law, "where the last day for the performance of a contract, such as here for the payment of money, happens to fall on Sunday, the party has until the succeeding day, Monday, to perform the obligation or pay the money." *Ley v. Patton*, 81 S.W.2d 1087, 1090 (Tex. Civ. App. 1935) (citations omitted). Similarly, Tennessee law provides that "the time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall be excluded." Tenn. Code Ann. § 1-3-102; *see also Carefree Vacations, Inc. v. Brunner*, 615 F. Supp. 211 (W.D. Tenn. 1985). Yet, neither state rule indicates that the obligation itself shifts to the next business day, only that the tenant can fulfill its obligation on the next business day.

> Confronted with a similar set of circumstances, the Sixth Circuit determined:
>
> Under the terms of the lease the debtor was obligated to pay Morse $8,500 in advance on the first of each month for that month's rent. The specific obligation to pay rent for December 1997 arose on December 1. . . . If the debtor had rejected the lease effective November 30, 1997, rather than December 2, it would not have been obligated to pay rent for December. . . . Instead, an election was made to reject the lease effective December 2, one day *after* the debtor's monthly rent obligation would arise. In this case, involving a month-to-month, payment-in-advance lease, where the debtor had complete control over the obligation, we believe that equity as well as the statute favors full payment to Morse.

*In re Koenig Sporting Goods, Inc.*, 203 F.3d 986, 999 (6th Cir. 2000) (emphasis in original) (citation omitted). Put simply, it is clear that a tenant's rent obligation arises on the date set forth in the lease. The mere fact that the tenant is allowed to fulfill this obligation on a later date does not change the actual obligation date. Under the terms of the Starlight and Nashridge Leases, Garden Ridge's rent obligations are legally enforceable on the first day of the month. The February 2004 Starlight and Nashridge rent payments are therefore pre-petition obligations within the meaning of section 365(d)(3).

B.  February 2004 Rent Under Section 503(b)(1)(A)

Alternatively, Starlight and Nashridge argue that pursuant to section 503 they are entitled to immediate payment of prorated February 2004 rent. Section 503(b)(1)(A) allows an "administrative expense claim for 'the actual, necessary costs and expenses of preserving the estate . . .' which fills the stub period gap created by § 365(d)(3)." *In re ZB Company Inc.*, 302 B.R. 316, 319 (Bankr. D. Del. 2003). Section 503(b) provides, in relevant part:

> After notice and a hearing, there shall be allowed administrative expenses . . . including –
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

11 U.S.C. § 503(b).

Generally, courts apply a two-part test in determining whether a claimant is entitled to the payment of administrative expenses: "(1) there must be a post-petition transaction between the creditor and the debtor; and (2) the estate must receive a benefit from the transaction." *In re Waste Systems Intern., Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002) (citation omitted); *see also In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 532-33 (3d Cir. 1999). The claimant need not prove that the property was put to its highest and best use; instead, the claimant need only show that the property was actually used by the debtor in the ordinary course of business. *In re Continental Airlines, Inc.*, 146 B.R. 520, 527 (Bankr. D. Del. 1992). The value of the administrative claim is determined by the amount of post-petition benefit to the estate. *In re CM Holding, Inc.*, 264 B.R. 141, 149 (Bankr. D. Del. 2000). When the debtor occupies and uses the premises, the landlord is entitled to an administrative expense claim equaling the fair market value of the premises. *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3rd Cir. 1990). In the absence of evidence to the contrary, it is presumed that the contract rate

is the fair rental value. *ZB Company, Inc.*, 302 B.R. at 319. Based on the foregoing, Starlight and Nashridge are entitled to prorated rent for February 2004, which is to be prorated from the Petition Date.

Courts have discretion to determine when an administrative expense will be paid. *HQ Global Holding, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002). In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. *See HQ Global Holdings, Inc.*, 282 B.R. at 174. Upon review of the present facts, this court entered interim orders directing the Debtors to pay the full contract rent for February 2004 to each landlord and reserved the parties' rights regarding the amount of payment.

C.   <u>Tax Liability</u>:

In *Montgomery Ward*, the Third Circuit established "that an obligation arises under the lease for the purposes of § 365(d)(3) when the legally enforceable duty to perform arises under the lease." 268 F.3d at 211. The lease at issue in *Montgomery Ward* provided that the tenant would pay all property taxes when billed. *Id.* at 206. Since the *Montgomery Ward* landlord sent the bill after the petition date and before the rejection date, the court held that it was a post-petition liability. *Id.* at 212. *Montgomery Ward* clearly held that a tenant's obligation to pay property tax is based on the terms of the lease. *Id.*

Unlike the lease at issue in *Montgomery Ward*, Garden Ridge's obligation to pay property tax was not contingent on the receipt of a bill from its landlords. The Starlight and Nashridge Leases provide, in relevant part:

> <u>Impositions.</u> Tenant shall pay before any fine, penalty, interest, or cost may be added thereto for the nonpayment thereof, all real estates taxes, assessment, ad valorem taxes, payments in lieu of tax . . . which may be charged, assessed,

9

> levied, imposed upon or become due and payable, during the Term of this lease
> . . . .

( Starlight and Nashridge Leases at Art. XX § 20.01). Garden Ridge's obligation to pay property taxes therefore arises prior to the date a fine, penalty or interest is imposed.

1. <u>The Starlight Tax Bills:</u>

The Starlight tax bills designate that the delinquency date is February 1, 2004. Under the terms of the lease, Garden Ridge's obligation to pay Starlight property taxes therefore arose on Sunday, February 1, 2004. Pursuant to Texas Tax Code, if "the last day for the performance of an act is a Saturday, Sunday, or legal state or national holiday, the act is timely performed if performed on the next regular business day." Texas Tax Code Ann. § 1.06. Under Texas law, Garden Ridge could pay the tax obligation on the next business day, Monday, February 2, 2004, which was the Petition Date. However, as with the lease obligations, the tax obligations arose at the time Garden Ridge was legally required to perform, regardless of when Garden Ridge could timely perform. Since Garden Ridge was legally required to perform on February 1, 2004, payment of the 2003 Starlight property taxes is a pre-petition obligation.

2. <u>Nashridge Tax Bills:</u>

The Nashridge tax bill states that to avoid penalty and interest, the total taxes due must be paid by February 29, 2004. This date clearly occurs after Garden Ridge's February 2, 2004 petition date, and is thus a post-petition obligation.

Further, the Nashridge lease required Garden Ridge "to submit to Landlord official receipts evidencing payment . . . required to be made at least ten (10) days before said impositions or other charges would otherwise become delinquent." (Nashridge Lease at Art. XX § 20.04). Even if this provision is invoked, proof of payment would be required by February 19,

10

2004, which is still well after the Petition Date. Payment of the 2003 Nashridge property taxes is therefore a post-petition obligation.

## CONCLUSION

For the reasons set forth above, the motions of Starlight and Nashridge to compel payment of administrative expenses are denied in part and granted in part. A separate order shall issue.

*[signature: Louis H. Kornreich]*

Honorable Louis H. Kornreich
United States Bankruptcy Judge

# EXHIBIT B

Case 1:05-cv-00181-GMS    Document 1-2    Filed 03/24/2005    Page 16 of 18

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GARDEN RIDGE CORPORATION, *et al.*, | ) | Case No. 04-10324 (DDS) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |

### ORDER WITH RESPECT TO MOTIONS TO COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

For the reasons set forth in the court's Memorandum Opinion of this date, it is hereby ORDERED that:

1. The motions of Starlight Sugarland Texas LP ("Starlight") and Nashridge, LLC ("Nashridge") to compel payment of administrative expense claims are denied in part and granted in part;

2. Within fourteen (14) days of entry of this order, the Debtors shall conference with both Starlight and Nashridge and jointly propose a form of order adjusting the specific amount of February 2004 rent and real property taxes to conform with the court's Memorandum Opinion; and

3. If the parties cannot agree on the amount of the allowed administrative expenses, each party shall submit its proposed form of order and this court will conduct a telephonic hearing to set the specific amount of each claim.

Dated: March 2, 2005

_____
Honorable Louis H. Kornreich
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, Ricardo Palacio, Esquire hereby certify that on March 14, 2005, I caused one copy of the foregoing **Notice of Appeal** be served upon the parties below in the manner indicated

| | |
|---|---|
| **HAND DELIVERY**<br>Pauline K. Morgan, Esq.<br>Joseph M. Barry, Esq.<br>Matthew B. McGuire, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | **HAND DELIVERY**<br>Adam G. Landis, Esq.<br>Rebecca L. Butcher, Esq.<br>Landis Rath & Cobb LLP<br>919 Market Street, Suite 600<br>Wilmington, DE 19801 |
| **FIRST CLASS U.S. MAIL**<br>Alan W. Kornberg, Esq.<br>Curtis J. Weidler, Esq.<br>Lori E. Chasen, Esq.<br>Paul Weiss Rifkind Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | **FIRST CLASS U.S. MAIL**<br>G. Rhea Bucy, Esq.<br>Linda W. Knight, Esq.<br>Gullett, Sanford, Robinson & Martin, PLLC<br>315 Deadrick Street, Suite 1100<br>P.O. Box 198888<br>Nashville, TN 37219-8888 |
| **HAND DELIVERY**<br>David B. Stratton, Esq.<br>James C. Carignan, Esq.<br>Pepper Hamilton LLP<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street<br>Wilmington, DE 19899-1709 | **FIRST CLASS U.S. MAIL**<br>Scott L. Hazan, Esq.<br>Otterbourg Steindler Houston & Rosen, P.C.<br>230 Park Avenue<br>New York, NY 10169-0075<br>(212) 661-9100 |
| **HAND DELIVERY**<br>Office of the United States Trustee<br>Attn: David Klauder, Esq.<br>844 King Street, Suite 2313<br>Lock Box 35<br>Wilmington, DE 19801 | |

Ricardo Palacio